UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| ELISA SERRANO (aka Elisa Serrano Vasquez), | ) ) | NO. CV-05-0364-LRS |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | ) ) | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) | |
| Defendant. | ) ) | |

On December 18, 2006, Defendant United States Citizenship and Immigration Services ("Defendant") filed a motion for summary judgment. (Ct. Rec. 20). Plaintiff filed a timely response to Defendant's motion for summary judgment on January 30, 2007. (Ct. Rec. 29). Plaintiff, however, provided no specific set of facts in opposition to Defendant's motion for summary judgment. Pursuant to Local Rule 56.1(d), the failure to file a statement of specific facts in opposition to a motion for summary judgment allows the Court to assume the facts as claimed by the moving party exist without controversy.

**BACKGROUND**

Plaintiff seeks de novo review of the denial of her application for Naturalization by Defendant. (Ct. Rec. 4). Plaintiff's application was denied when Defendant determined she was ineligible for naturalization because she had not maintained good moral character. Specifically, Defendant found that Plaintiff had lied on her application with the intent to gain immigration benefits.

ORDER - 1

On February 1, 1997, Plaintiff was arrested by Immigration and Naturalization officials and charged with alien smuggling. (Ct. Rec. 22, p. 1).  On or about February 9, 2002, Plaintiff filed an application form for Application for Naturalization. (Ct. Rec. 22, p. 2).  As part of the application, she was asked if she "ever knowingly and for gain helped any alien to enter the U.S. illegally."  She responded "no."  (Ct. Rec. 22, p. 2).  The application additionally asked whether she had ever been "arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance." Again, she responded "no."  (Ct. Rec. 22, p. 2).

While processing Plaintiff's application for naturalization, Defendant discovered the 1997 smuggling arrest.  (Ct. Rec. 22, p. 2).  Plaintiff was interviewed on September 13, 2004.  (Ct. Rec. 22, pp. 2-3).  She indicated that she never knowingly and for gain helped any alien to enter the U.S. illegally and has never had any problems with immigration at the border or anywhere else.  (Ct. Rec. 22, p. 3).

On January 7, 2005, Plaintiff's naturalization petition was denied for lack of good moral character because she had made false statements while under oath and because of her 1997 smuggling activity.  (Ct. Rec. 22, p. 3).

On appeal from this determination, Plaintiff admitted to the smuggling, but stated that she did it "without any bad intention." (Ct. Rec. 22, p. 3).  In a notarized statement, she stated that she wished she could have explained "all this situation but [she] was sure that [she] was not able too, [sic] [she] also knew that [she] was going to get this kind of answer."  (Ct. Rec. 22, p. 3).

ORDER - 2

Plaintiff asked for forgiveness and explained that she "had to do everything that [she] could do for [her] children." (Ct. Rec. 22, p. 3).

On July 22, 2005, after consideration of all the evidence and testimony in the case, the denial of Plaintiff's naturalization application was affirmed. (Ct. Rec. 22, p. 5). Plaintiff was found to be ineligible because of a lack of good moral character. (Ct. Rec. 22, p. 5).

### SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id*. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving

ORDER - 3

party's case necessarily renders all other facts immaterial." *Id.*
In such a circumstance, summary judgment should be granted, "so
long as whatever is before the district court demonstrates that
the standard for entry of summary judgment, as set forth in Rule
56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the
burden then shifts to the opposing party to establish that a
genuine issue as to any material fact actually does exist.
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
586 (1986).  In attempting to establish the existence of this
factual dispute, the opposing party may not rely upon the denials
of its pleadings, but is required to tender evidence of specific
facts in the form of affidavits, and/or admissible discovery
material, in support of its contention that the dispute exists.
Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n. 11.  The
opposing party must demonstrate that the fact in contention is
material, i.e., a fact that might affect the outcome of the suit
under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec.
Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the
dispute is genuine, i.e., the evidence is such that a reasonable
jury could return a verdict for the nonmoving party, *Wool v.
Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual
dispute, the opposing party need not establish a material issue of
fact conclusively in its favor.  It is sufficient that "the
claimed factual dispute be shown to require a jury or judge to
resolve the parties' differing versions of the truth at trial."

ORDER - 4

*T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).

## DISCUSSION

The issue before the Court is whether, as a matter of law, Plaintiff lacks the "good moral character" requirement for naturalization.

The Immigration and Nationality Act expressly requires an applicant for naturalization to be a person of good moral character. 8 U.S.C. § 1427(a)(3). Pursuant to 8 U.S.C. § 1101(f), no person shall be regarded as a person of good moral character who "has given false testimony for the purpose of obtaining any benefits under this chapter." 8 U.S.C. § 1101(f)(6). Pursuant to 8 C.F.R. § 316.10, an applicant shall be found to lack good moral character if she "[h]as given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, as in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit." 8 C.F.R. § 316.10(b)(2)(vi). Based on the foregoing, a naturalization applicant lacks good moral character if she has given false testimony in order to gain any benefit from the Immigration and Nationality Act.

The statements Plaintiff made in her application and during her interview were not truthful. Plaintiff does not, and can not, contest this fact. (Ct. Rec. 22; Ct. Rec. 29, pp. 3-4). It is undisputed that she was arrested and charged with alien smuggling in February of 1997. (Ct. Rec. 22, p. 1). Plaintiff explained in a notarized statement that she knew that she "was going to get this kind of answer" but that she "had to do everything that [she] could do for [her] children." (Ct. Rec. 22, p. 3). Plaintiff made false statements in her application and interview in order to

obtain immigration benefits.  "[N]o person who has given false testimony for the purpose of obtaining benefits" shall be found to be a person of good moral character.  8 U.S.C. § 1101(f)(6); 8 C.F.R. § 316.10(b)(2)(vi).  While Plaintiff's response alleges that her false statements were made under duress[1] and because she did not understand the immigration officials' questions (Ct. Rec. 29), Plaintiff has failed to provide a substantiated basis for a finding that, as a matter of law, she meets the "good moral character" requirement for naturalization.

In any event, Plaintiff has failed to establish a valid claim of duress as alleged.  In the criminal context, the duress defense consists of three elements, each of which the defendant must prove by a preponderance of the evidence:  (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm.  *U.S. v. Verduzco,* 373 F.3d 1022, 1030 (9th Cir. 2004).  Plaintiff's response memorandum fails to make a showing, by affidavit or otherwise, that would cause a reasonable person to believe that Plaintiff was coerced, under the immediate threat of death or serious bodily injury, to act in the manner in which she acted.  Plaintiff's bare assertion of duress, without more, does not provide the facts necessary to prove the defense.  Accordingly, even if a duress defense was applicable in the naturalization context, Plaintiff has failed to establish a valid defense of duress.

---

[1]Plaintiff asserts that she is a victim of domestic violence and feared that her husband would harm her if she answered the Immigration officials' questions truthfully.  (Ct. Rec. 29, p. 1).  Plaintiff cites the Violence Against Women Act, as support for her duress defense.  However, this statute does not apply to applications for naturalization.  Moreover, as noted in the body of this order, Plaintiff has failed to substantiate her claim of duress.

ORDER - 7

1    There is no genuine issue for trial with respect to
2  Plaintiff's Petition for Review. (Ct. Rec. 4). Therefore, the
3  undersigned judicial officer finds that Defendant has met its
4  burden as the party moving for summary judgment.

5                          **CONCLUSION**

6    For the reasons discussed above, the Court **GRANTS** Defendant's
7  motion for summary judgment. (Ct. Rec. 20).

8    **IT IS SO ORDERED**. The District Court Executive is hereby
9  directed to enter judgment in favor of Defendant and against
10 Plaintiff, file this Order, provide a copy to counsel for
11 Plaintiff and Defendant, and **CLOSE** this file**.**

12    DATED this____7th____day of August, 2007.

13

14                              S/Lonny R. Suko
                              _____
                                   LONNY R. SUKO
15                           UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 8